**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD COOEY, et. al.** | : | |
| | : | |
| Petitioner | : | Case No. 2:08-cv-00747 |
| | : | |
| v. | : | Judge Frost |
| | : | |
| **ROBERT TAFT, Governor, et al.** | : | Magistrate Judge Abel |
| | : | |
| Respondent | : | *Death Penalty Case* |
| | : | |

**MOTION TO DISMISS PETITIONER'S AMENDED COMPLAINT**

**Respectfully submitted,**

**NANCY H. ROGERS**
**Attorney General of Ohio**

**s/Matthew A. Kanai**
**MATTHEW A. KANAI (0072768)**
Senior Assistant Attorney General
Email: mkanai@ag.state.oh.us

**CHARLES L. WILLE (0056444)**
Principal Assistant Attorney General
Email: cwille@ag.state.oh.us

Capital Crimes Unit
150 E. Gay St., 16th Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)

**COUNSEL FOR DEFENDANTS**

## INTRODUCTION

This Court should dismiss Cooey's Amended Complaint because it does not comply with the statute of limitations. The Amended Complaint reasserts the merits arguments of Cooey's 2004 Complaint without stating a new cause of action. The substance of the Amended Complaint is that because Cooey has allowed himself to gain weight and because he started using Topomax, he should be allowed to revive arguments that were time-barred when they were filed in 2004. However, statutes of limitations cannot be modified by incremental differences in the evidence available to support a merits argument. The crux of the statutes of limitations question is when did the plaintiff have knowledge of the activity that comprises his core complaint. In this case, Cooey had knowledge of his core complaints in 2001. His attempt to transform factors of his core complaints into new arguments must be rejected, and this Court should find that Cooey's Amended Complaint states the same causes of action as the 2004 Complaint.

**ARGUMENT**

Cooey's Amended Complaint is barred by the statute of limitations. In *Cooey v. Strickland*, the Sixth Circuit held that a method-of-execution challenge under 42 U.S.C. § 1983 accrues "upon conclusion of direct review in the state court or the expiration of time for seeking such review." *Cooey v. Strickland*, 479 F.3d 412, 422 (6th Cir. 2007), citing 28 U.S.C. § 2244(d)(1)(A). It stands to reason that if Cooey's 2004 method-of-execution challenge to Ohio's capital punishment was time-barred, than Cooey's 2008 method-of-execution challenge to Ohio's capital punishment must also be time-barred. Accordingly, this Court should dismiss Cooey's Amended Complaint under Fed.R. 12(b)(6) for failure to state a claim. *Berry v. Chrysler Corp.*, 150 F.2d 1002, 1003 (6th Cir. Mich. 1945) ("The defense of the statute of limitations is covered by clause (6), and therefore is properly raised by motion.").

The original and amended complaints state the same cause of action. This Court summarized Cooey's original request for relief in its previous order: "Specifically, plaintiff contends that defendants intend to violate plaintiff's constitutional rights because the current method of execution used by defendants—a lethal injection protocol that includes a short-acting anesthetic that will leave plaintiff paralyzed but conscious during suffocation and death—will cause plaintiff to be tortured to death." *Cooey v. Taft*, 2005 U.S. Dist. LEXIS 44225, *3-4 (S.D. Ohio Mar. 28, 2005). Cooey's Amended Complaint asserts three new facts: 1) he has poor venous access, 2) he is morbidly obese, and 3) he is currently taking Topamax, Amended Complaint, 5-7; and one new argument: it is incrementally more likely that if the first drug is maladministered, the risk of pain after maladministration is increased.

Put simply, Cooey is not advancing a new cause of action; he is rearguing the previously dismissed cause of action. Cooey's assertions do not change his core complaint. Cooey argued

in 2004 that if the first drug was maladministered there was a risk that he might suffer pain. Cooey's argument today is that if the first drug is maladministered, there is an incrementally greater risk he might suffer pain. However, Cooey's maladministration argument was time-barred when it was filed in 2004. It would be incongruent to hold that the claim was time-barred in 2004, but that because Cooey has gained weight and started taking Topomax his claims rise anew in 2008. Further, his claims are based on information he should have already been aware of—he was on notice of his venous access in 2003—or that he was singularly in control of—he the Ohio Department of Corrections is not force-feeding or -medicating him. A plaintiff cannot, by his own hand, defeat the statute of limitations and revive a claim that has been time-barred for five years.

The purpose of a statute of limitations is to "promote judicial economy and *protect defendants' rights*." *Cooey,* 479 F.3d at 419 (emphasis added), quoting *John Hancock Fin. Servs., Inc. v. Old Kent Bank*, 346 F.3d 727,734 (6th Cir. 2003). In this case, although the Warden did not change the protocol, Cooey seeks to revive his challenges on the basis that he has eaten and medicated himself into a "new" claim. A plaintiff should not be able to avoid the statute of limitations by engaging in behavior that elevates risk to himself. "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace v. Kato*, 549 U.S. 384 (2007). This would only invite plaintiffs to engage in behavior that is potentially detrimental to them in the hopes of reviving their time-barred claims. For these reasons, this Court should dismiss Cooey's Amended Complaint.

3

**A.	Cooey's venous access argument was made in 2004 and is therefore time-barred.**

Cooey originally raised his venous-access argument in 2004, and now is reasserting his argument on the grounds that the State has failed to ensure "that the manner in which ODRC will obtain access to Plaintiff's veins will be humane." Complaint, 8. Cooey made a similar argument in his original complaint, asserting that the State could not ensure:

> the manner in which the IV catheters shall be inserted into the condemned prisoner, . . . and the manner in which the condition of the condemned prisoner will be monitored to confirm that proceeding to the next procedure would not inflict severe and unnecessary pain and suffering . . . the qualification and expertise required of the person who is given the responsibility and discretion to order the staff to divert from the established protocols . . . .

2004 Complaint, 18. In 2004, Cooey's argument was that there was no assurance that primary venous access would be established in a competent fashion or how alternative venous access would be handled. Cooey's 2008 complaint asserts that there is no assurance how primary venous access will be established given Cooey's weight or how alternative venous access will be handled. Thus, Cooey has merely rephrased his 2004 argument. This claim was time-barred when it was originally raised in 2004, and it is time-barred now.

And even if Cooey's venous-access argument could be considered a new cause of action, his complaint would still be time-barred. Cooey was aware of the poor venous access at least as early as July 2003. Complaint, 5-6. Accordingly, the statute of limitation would have run for his § 1983 complaint no later than July 2005. There is no need for this Court to develop any facts or evidence related to Cooey's venous-access argument because it is time-barred as a matter of law. Accordingly, Fed.R. 12(b)(6) dismissal is warranted.

4

**B.**     **Cooey's Topomax argument is an extension of his previous risk-of-maladministration argument, and is therefore time-barred**

The substance of Cooey's argument has not changed since 2004, when he argued that if the first drug in the protocol was improperly administered, there was a risk that he might suffer pain or discomfort.  Cooey's new complaint is that if the first drug is improperly administered, the risk he might suffer pain or discomfort will be exacerbated by his Topomax use.  The core complaints are identical: the risk of pain if the first drug is maladministered.  Thus, as Cooey's expert has conceded, if the first drug is properly administered, the Topomax is irrelevant.  Amended Complaint, 7.

The question of maladministration was addressed in Cooey's original complaint and is therefore time-barred.  2004 Complaint, 10-13 ¶25 §§ C, D, H, I, K; 14 ¶27.  Cooey's new argument is, at best, a variation on the same theme.  Merely asserting a new risk that is contingent upon the maladministration is insufficient to revive the time-barred claim.  Because there are no facts this Court needs to resolve in order to find that Cooey's maladministration claim is time-barred, this Court should dismiss Cooey's Amended Complaint.

**C.**     **Cooey's obesity does not change the core complaint of either of his claims and is therefore irrelevant.**

Cooey's weight does not change the fact that both of his causes of action accrued in 2001.  Cooey's assertion that his weight gain materially changes his venous-access argument is specious.  His argument in 2004 was that State's procedures were insufficient to protect his rights if the primary lines could not be established.  His argument is 2008 is that because he is morbidly obese, it is slightly more likely that the State will be unable to establish the primary lines.  However, the argument is still that the procedures are insufficient to protect his rights if the primary lines are not established.  The arguments are identical in the kind of harm alleged, and

5

differ only in degree of harm possible. Thus, even if Cooey is correct that venous access will be more difficult, it does not change the fact that the Sixth Circuit has already found the venous-access argument time-barred.

Cooey's argument that his weight affects the efficacy of the three drug protocol is similarly unavailing. The Sixth Circuit has already concluded that Cooey's opportunity to challenge the efficacy of the three drug protocol has passed. Cooey cannot revive this claim by gaining weight. Therefore, even if the Court accepts Cooey's argument that his weight may affect the risk associated to maladministration, it does not change the fact that Cooey's maladministration argument is time-barred.

**D.     Cooey's second claim for relief under O.R.C. § 2949.22 is time-barred.**

Cooey has not timely filed a challenge to Ohio lethal injection protocol under O.R.C. § 2949.22(A), and therefore his complaint should be dismissed. As this Court recently noted, § 2949.22 has contained the quick-and-painless language since 1993, and therefore the time for a challenge under § 2949.22 would expired at least as early as Cooey's Eighth Amendment challenge. *Reynolds v. Strickland*, Case No. 2:08-cv-442, 4 (S.D. Ohio 2008).

The Court's conclusion is a sensible result. In *Cooey*, the Sixth Circuit held that time began to run on Cooey's complaint when Ohio made lethal injection "the exclusive method of execution." *Cooey*, 479 F.3d at 422. Ohio made lethal injection the sole method of execution in the same statute that promulgated the quick-and-painless language; § 2949.22(A). As this Court noted, the quick-and-painless language was added in 1993, *Reynolds*, while the exclusive-method language was added in 2001, *Cooey*. See also, 124th Ohio General Assembly, House Bill 362, 2001 Ohio HB 362.

6

If the time for Cooey's Eighth Amendment claim began to run from the 2001 amendment of § 2949.22, then the time for Cooey's § 2949.22 challenge must also have started no later than 2001.  Any other result would be nonsensical.  However, Cooey chose not to litigate the issue of what rights he was entitled to under § 2949.22 until 2008.  Cooey cannot, as a matter of law, show that he complied with the two-year statute of limitation on his 42 U.S.C. § 1983 claim, and therefore this Court should dismiss his Amended Complaint.

## CONCLUSION

After accepting each of Cooey's assertion as true, this Court is still left with one unassailable fact: each claim that Cooey has raised violates the statute of limitations set forth by the Sixth Circuit.  Cooey's attempt to supplement the merits of those claims is irrelevant because, at their core, they have already been time-barred by the Sixth Circuit Court of Appeals.  Accordingly, this Court should find that Cooey's Amended Complaint fails to state a claim upon which relief can be granted, and should dismiss the Amended Complaint under Fed.R. 12(b)(6).

**Respectfully submitted,**

**NANCY H. ROGERS**
**Attorney General of Ohio**

**s/Matthew A. Kanai**
**MATTHEW A. KANAI (0072768)**
Senior Assistant Attorney General
Email: mkanai@ag.state.oh.us

**CHARLES L. WILLE (0056444)**
Principal Assistant Attorney General
Email: cwille@ag.state.oh.us

Capital Crimes Unit
150 E. Gay St., 16th Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

                                           **s/Matthew A. Kanai**
                                           **MATTHEW A. KANAI (0072768)**
                                           Senior Assistant Attorney General