# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

**RICHARD COOEY,**

**Plaintiff,**             **Case No. 2:08-cv-747**

      **v.**               **Judge Frost**

**TED STRICKLAND, Governor, et al.**      **Magistrate Judge Abel**

**Defendants.**             *Death Penalty Case*

---

## REPLY TO COOEY'S RESPONSE TO THE WARDEN'S MOTION TO DISMISS

---

Respectfully submitted,

**NANCY H. ROGERS**
**Attorney General**

/s/ *Matthew A. Kanai*
**MATTHEW A. KANAI** (0072768)
Senior Assistant Attorney General
Email: mkanai@ag.state.oh.us

**CHARLES L. WILLE** (0056444)
Principal Assistant Attorney General
Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 fax
Email: cwille@ag.state.oh.us

**COUNSEL FOR DEFENDANTS**

## MEMORANDUM IN SUPPORT OF WARDEN'S MOTION TO DISMISS

Cooey's complaint is barred by the statute of limitations, and Cooey failed to advance any reasonable argument otherwise. The arguments raised by Cooey in his Amended Complaint are the same ones raised in his original complaint. Specifically, Cooey raised two method-of-execution challenges: first, his venous-access argument; and second, his risk-of-maladministration argument. The core complaint of both these arguments has already been rejected as time-barred by the Sixth Circuit. Therefore, this Court must find Cooey's Amended Complaint time-barred.

**I.     Cooey failed to raise his venous-access argument in a timely manner.**

Cooey's response to the Warden's venous-access argument does not answer the statute of limitations question. In fact, Cooey ignored the question of why he did not raise the issue of venous-access before 2008. Cooey's pleadings indicate that he was aware of his bad veins in 2003. In fact, two days before filing his Response, Cooey stated in an interview that "vein access was an issue even when I was back in the service."[1]  Associated Press, September 16, 2008. It would appear that Cooey has been aware of his venous-access issues for decades, and there is no doubt that he was aware of it in 2003. By either counting, Cooey is well beyond the two-year statute of limitations. Put simply, Cooey was required to justify why he did not raise the venous-access issue before 2008, and he failed to do so.

Cooey's only response was that he "suffers from atypical physical or medical conditions." Doc. 13, pg. 6. However, it is obvious that he was aware of the venous-access issue since he was in the military, prior to his 1986 conviction. Even though Cooey was aware of possible venous-access issues more than two decades ago, he failed to assert any claim until

---

[1] http://hosted.ap.org/dynamic/stories/d/death_penalty_ohio?site=wcnc&section=home&template=default, last checked September 19, 2008.

August 2008. There is no way to calculate the statute of limitations—whether using his military service time or the 2003 report he relies upon in his Amended Complaint—that prevent his claim from being time-barred. Cooey seems to concede as much as he has not even addressed the issue in his Response.

Instead of addressing this deficiency, Cooey discusses "cut down"[2] or alternative procedures. However, this wholly ignores the point: Cooey was required to make his venous-access argument within either 1) two years of the conclusion of his direct review or 2) two years of the when he became aware of the issue of the quality of his veins. It is clear that he became aware of the quality of his veins as early as the 1980s or as late as 2003. Therefore, Cooey's 2008 Amended Complaint cannot be timely.

> **A.** **Cooey's Topamax argument is a restatement of his previously time-barred risk-of-maladministration argument.**

Cooey's Topamax argument merely restates the core of his original risk-of-maladministration argument, that the Sixth Circuit found time-barred. Cooey attempted to salvage this argument by misrepresenting his own expert's statements and by making an irrelevant argument regarding the differences between his arguments.

Cooey misrepresented his expert's statements in an effort to distinguish the argument in his Amended Complaint. Cooey previously conceded that

> [If]a 'full dose of thiopental was successfully delivered into his circulation' *Plaintiff would be deeply anesthetized regardless of his treatment with Topamax*, 'it is also likely that his use of Topamax decreases the margin of safety and therefore makes him more vulnerable to the consequences of *a partially failed thiopental administration*.

---

[2] The "cut down" procedure involves a small incision to gain venous access. Ohio does not use "cut downs," and therefore it would be entirely pointless for the State to have a protocol for a procedure it will not use.

Doc. 2, ¶20 (emphasis added, internal alteration and citations omitted). Yet now, Cooey claims that his Topomax argument is not based on maladministration, but rather that the drug "itself places him at risk for an execution violative of the Eighth Amendment and the Ohio Revised Code. (See [Amended Complaint], para. 18)" Doc. 13, pg. 7.

Cooey's "new" argument that paragraph 18 of his Amended Complaint stands for the proposition that the Topamax "itself places him at risk for an" unconstitutional execution is at odds with paragraph 20, which concedes that Cooey will be insensate if the sodium thiopental is properly administered. Further, Cooey's assertion that his claim is not contingent on maladministration (Response, Doc. 13, pg. 7) is directly contradicted paragraph 20 of the Amended Complaint. The expert statement is clear: a full dose of the sodium thiopental would deeply anesthetize Cooey, but if the administration is "partially failed", then there is some increase in risk to Cooey. Absent a maladministration, Cooey has no claim.

Cooey's original and new arguments rest solely on the sodium thiopental not being properly delivered.. The Sixth Circuit found that Cooey's original risk-of-maladministration claim was time-barred. Cooey's "new" argument that there is a "decreased safety margin" that he might suffer pain is based on the same risk-of-maladministration claim. Cooey's argument, at its base, is that he has identified an additional consequence that may be involved in his original risk-of-maladministration argument. However, those consequences are not relevant to the question of whether a claim has been timely raised. Because Cooey's core complaint based on the risk-of-maladministration is time-barred, ancillary consequences to that complaint must also be time-barred.

Finally, Cooey relies on the irrelevant argument that his original complaint was on a different issue. That is, Cooey believes he should not be called to answer for his delay because

his 2004 challenge was a facial challenge but now he is arguing an as-applied challenge. This argument is unavailing because Cooey's core risk-of-maladministration complaint is identical. The question before this Court is not whether the challenge is facial or as-applied, but whether the core complaint is time-barred. The Sixth Circuit found that the risk-of-maladministration argument is time-barred, and therefore Cooey has not timely raised the issue. Further, Cooey cannot revive the merits of his risk-of-maladministration argument by showing some mere incremental increase in the possibility of harm if the sodium thiopential is not properly delivered. Since the Sixth Circuit decision prevents this Court from reaching the core of the risk-of-maladministration argument, it necessarily prevents it from reaching the consequences of that argument.

## CONCLUSION

For these reasons, this Court should dismiss Cooey's Amended Complaint under Civ.R. 12(b)(6) because it is time-barred.

Respectfully submitted,

NANCY H. ROGERS
Attorney General

/s/ *Matthew A. Kanai*
**MATTHEW A. KANAI** (0072768)
Senior Assistant Attorney General
Email: mkanai@ag.state.oh.us

**CHARLES L. WILLE** (0056444)
Principal Assistant Attorney General
Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 fax
Email: cwille@ag.state.oh.us

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of **REPLY TO COOEY'S RESPONSE TO THE WARDEN'S MOTION TO DISMISS** was filed electronically this 22nd day of September, 2008.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Matthew A. Kanai*
MATTHEW A. KANAI
Senior Assistant Attorney General