IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COOEY,**

    **Plaintiff,**

   **v.**                                   Case No. 2:08-cv-747
                                           JUDGE GREGORY L. FROST
**TED STRICKLAND, et al.,**          Magistrate Judge Mark R. Abel

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' motion to dismiss (Doc. # 11), Richard Cooey's memorandum in opposition (Doc. # 13), and Defendants' reply memorandum (Doc. # 14). Also before the Court are Cooey's motion for a preliminary injunction (Doc. # 8), Defendants' memorandum in opposition (Doc. # 12), and Cooey's reply memorandum (Doc. # 15). For the reasons that follow, this Court **GRANTS** the motion to dismiss and **DENIES** the motion for a preliminary injunction.

**I. Discussion**

Plaintiff, Richard Cooey, asserts claims in this litigation under 42 U.S.C. § 1983 challenging the lethal injection protocol by which the State of Ohio intends to execute him. Previously, Cooey had before this Court a similar case, Case No. 2:04-cv-1156, which the Sixth Circuit directed this Court to dismiss on statute of limitations grounds. *See Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007). Following dismissal, Cooey then filed the instant action in which he asserts that (1) the protocol violates Cooey's right to be free from cruel and unusual punishment by failing to address adequately the asserted difficulty in accessing his veins and by failing to account for potential dosage insufficiency, and (2) the protocol violates Cooey's right

to due process by unconstitutionally depriving him of a property interest in a quick and painless death.

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that the Sixth Circuit's decision in *Cooey* requires dismissal of the § 1983 claims asserted here. This Court issued an Opinion and Order in Cooey's prior case that discussed at length the Sixth Circuit's construction in *Cooey* of the statute of limitations for such § 1983 claims. (Case No. 2:04-cv-1156, Doc. # 344.) Because the analysis of the appellate precedent discussed in that opinion also informs the instant case, this Court adopts and incorporates herein the entirety of that prior decision and attaches it to the instant decision for ease of reference.

As this Court noted in its incorporated decision, *Cooey* teaches that § 1983 claims of the sort asserted in this case begin to accrue upon conclusion of direct review in the state courts and when a plaintiff knows or has reason to know about the act providing the basis of his or her injury. *Id.* at 422. Even in light of recent changes to the lethal injection protocol and the United States Supreme Court's issuance of *Baze v. Rees*, 128 S. Ct. 1520 (2008)–the latter of which pre-dated issuance of the *Cooey* mandate–the court of appeals issued *Cooey* as binding authority. This authority reasons that a plaintiff knew or had reason to know about the act providing the basis of his or her injury when Ohio made lethal injection the exclusive method of execution in December 2001. *Cooey*, 479 F.3d at 422. The Sixth Circuit has thus set the binding parameters for analysis of when the two-year statute if limitations begins to run.

Defendants argue that Cooey's vein-access claim is barred by the statute of limitations because he knew or had reason to know of this § 1983 claim at least as of 2003. This Court agrees. In his Complaint, Cooey indicates that, when prison personnel were preparing for a July

2

2003 execution date for Cooey, he advised them that he had a issue with accessing his veins. (Doc. # 2 ¶ 15.) This indicates that Cooey knew or should have known of the vein issue in July 2003, which means that the statute of limitations on this issue expired at least by July 2005. Even assuming *arguendo* that the vein issue is unrelated to Cooey's prior lawsuit, his August 1, 2008 filing of the instant case is well beyond the applicable limitations period.

Cooey attempts to salvage his claim in part by arguing that since 2003, he has gained weight and that his increased weight may make accessing his veins more difficult. But this argument does not resurrect the time-barred claim. The core of that claim is still vein access, and the fact that there may be less access today does not mitigate the fact that Cooey still knew of and could have filed suit over vein access prior to July 2005. In other words, the fact that his alleged condition may have become worse does not restart the clock when he asserts that the issue existed even before his weight gain. *Regardless of any possible merit to his vein access claim*, Cooey's § 1983 claim is therefore barred by the statute of limitations.

This leaves the second component of Cooey's case: that he is on the medication Topamax, or topiramate, as part of treatment for cluster migraines. Cooey argues that this drug may decrease his sensitivity to sodium thiopental, part of Ohio's three-drug protocol, and that he thus could remain aware during the execution process. He pleads that use of Topamax means that a failure to administer successfully the full dose of the anesthetic component of the three-drug protocol can allegedly decrease the "margin of safety" present in the execution process so that he might be more vulnerable than an individual who is not on Topamax. (Doc. # 2 ¶ 20.) Cooey also asserts that the dosage of sodium thiopental employed in the three-drug protocol may be insufficient in light of his significant weight to adequately anesthetize him. (Doc. # 2 ¶ 20.)

Because the record does not disclose when Cooey began to take Topamax, this Court cannot address whether he has similarly asserted his claims based on usage of the drug outside the statute of limitations (e.g., Cooey was using the drug two years before he filed the instant complaint). If Cooey had indeed started using Topamax early enough, meaning two years prior to filing his recent claims, then that component of his first count based on usage would be time barred, as well as count two, which asserts a § 1983 claim based on an asserted Fourteenth Amendment due process violation of property right created by Ohio Rev. Code § 2949.22.[1] (Doc. # 2 ¶¶ 30-34.)

Regardless of this possibility, the Court must conclude that Cooey's Topomax claims are still time barred, however, because these claims are contingent on his previously asserted (and found untimely by the Sixth Circuit) claim of faulty administration of sodium thiopental. Cooey

---

[1] This Court recently recognized in another protocol-challenge case that a due process claim predicated on Ohio Rev. Code § 2949.22 has potentially existed since 1993, stating:

> The quick-and-painless death for lethal injections component of Ohio Rev. Code § 2949.22 has existed in former versions of that statute since 1993, which means that Reynolds' § 1983 claim based on that provision accrued at least at the same time his Eighth Amendment § 1983 claim did. *Compare* Ohio Rev. Code § 2949.22(A) ("[A] death sentence shall be executed by causing the application to the person, upon whom the sentence was imposed, of a lethal injection of a drug or combination of drugs of sufficient dosage to quickly and painlessly cause death.") *with* former Ohio Rev. Code § 2949.22(B)(1) ("[T]he person's death sentence shall be executed by causing the application to the person of a lethal injection of a drug or combination of drugs of sufficient dosage to quickly and painlessly cause death instead of by electrocution as described in division (A) of this section."). In other words, Reynolds is years late in asserting this challenge. The fact that a state court recently recognized the challenge does not excuse Reynolds' delay in bringing a § 1983 claim that existed well before those state court proceedings.

(Case No. 2:08-cv-442, Doc. # 100, at 4-5.)

4

pleads in his Complaint that if "a full dose of thiopental [was] successfully delivered into his circulation[,] Plaintiff would be deeply anesthetized regardless of his treatment with Topamax." (Doc. # 2 ¶ 20 (internal quotation marks omitted).)  This assertion presents a challenge to the execution protocol that necessarily relies on faulty administration of the first drug; by Cooey's own assertion, there is no problem if the administration of the sodium thiopental is successful, even at the dosage Ohio employs.

Cooey's argument in his briefing that his claim . . . is not "contingent upon maladministration' " is therefore a mischaracterization of his own pleading.  (Doc. # 13, at 7.) His assertion belies what Cooey actually pled.  His claim is not that Topamax itself creates a violation, regardless of the protocol administration and the dosage of sodium thiopental used. Rather, the presence of Topamax in the inquiry is pled as an aggravating factor to faulty administration or insufficient dosing.  This is a lethal injection protocol challenge that at its core is simply a reassertion of his 2004 challenge to the procedures and drug amount the state employs.

The Sixth Circuit has explained that among the "core complaints" of Cooey's 2004 case was "the use and dosage of sodium thiopental." *Cooey*, 479 F.3d at 424.  Even more specifically, the court of appeals characterized Cooey's prior claims as asserting "that if the sodium thiopental is not administered properly and in sufficient dosage, the prisoner could experience intense pain . . . ." *Id.* at 414.  Cooey's Topamax-related claims (and his weight claim, which his expert states exists not separately but "in combination with" the Topamax argument (Doc. # 2-2, at 22)) are therefore not independent from but contingent upon his time-barred 2004 claims asserted in Case No. 2:04-cv-1156.  Neither the Topamax nor the weight

5

matter unless there is a violation of a sort *that has already been rejected as outside the statute of limitations* by the Sixth Circuit.  Today's claims simply add to the time-barred precursor claims that have already failed to provide Cooey the relief he seeks.  Consequently, adhering to precedent, this Court must also dismiss the remainder of Cooey's claims.

Having decided that Cooey's claims are time barred, this Court need not and does not discuss in detail the moot motion for a preliminary injunction.  The Court notes, however, that even without the motion to dismiss, Cooey could not demonstrate a likelihood of success on the merits for the reasons discussed above.  The Court also notes that it expresses no opinion here on whether a preliminary injunction would issue even if Cooey were likely to prevail on timely claims, given the proximity in time of his filing of this action and his pending execution date.

## II.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss (Doc. # 11) and **DENIES** Cooey's motion for a preliminary injunction (Doc. # 8).  The Clerk is instructed to enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED**.

       /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE